NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-463

HSBC BANK USA, NATIONAL ASSOCIATION

vs.

MARK T. GODDARD & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants appeal from a summary judgment entered in the Housing Court in a postforeclosure summary process action which awarded the plaintiff possession of a home at 2 Everett Street, Maynard, that was formerly owned and occupied by the defendants.  We affirm.

Discussion.  "Appellate briefs must contain the contentions of the appellants with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on" (quotation omitted).  Selmark Assocs., Inc. v. Ehrlich, 467 Mass. 525, 540 (2014), quoting Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

---

[1] Odette M. Goddard

Here, the defendants' appeal purports to challenge the rulings of five different Housing Court judges involved at various stages of the proceedings.  The defendants make claims based on personal jurisdiction, service of process, due process, constitutional violations, and judicial misconduct.  Ultimately, the defendants argue that summary judgment was improperly entered because there was a genuine issue of material fact as to which party had a "superior right to possession" of the premises.  See HSBC Bank USA, N.A. v. Morris, 490 Mass. 322, 326 (2022).  However, the defendants do not cite any relevant legal authority to support their arguments.[2]  Instead, the defendants support their contentions with snippets from what appear to be unofficially transcribed portions of hearings before various Housing Court judges.  To the extent these "transcriptions" constitute a record of prior proceedings, they largely consist of words and phrases from which we are unable to discern any clear meaning or connection to any issue before us in this appeal.  In short, because the defendants failed to comply with

_____

[2] The defendants cite to the "Equal Access to Justice Act," which they claim "protects indigent persons from being deprived of Equal Access to the Court."  We are not aware of any such Massachusetts authority.  If the defendants mean to refer to the Federal Equal Access to Justice Act, 28 U.S.C. § 2812, that statute applies to litigation involving the Federal government and thus has no apparent relevance to this case.

2

the requirements of our appellate rules, they have waived all issues raised in their appeal.

Judgment affirmed.

By the Court (Desmond,
  Sacks & Brennan, JJ.[3]),

Clerk

Entered:  June 2, 2025.

---

[3] The panelists are listed in order of seniority.